# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: T.H.

No. 15-0665 (Calhoun County 15-JA-3)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.H., by counsel D. Shane McCullough, appeals the Circuit Court of Calhoun County's June 9, 2015, order terminating his parental rights to twelve-year-old T.H. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Melinda C. Dugas, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Tony Morgan, filed a response on behalf of the child also in support of the circuit court's order.[1] On appeal, petitioner argues that the circuit court erred in terminating his parental rights to the children without granting him an improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2012, DHHR filed an abuse and neglect petition alleging that petitioner and T.H.'s biological mother exposed T.H. to domestic violence and abused illegal substances. The parents were adjudicated as abusive and neglectful parents. The circuit court granted the parents a post-

---

[1]The guardian's response to this Court, which was incorrectly titled as a "Reply of Guardian Ad Litem to Petition for Appeal," fails to include a section regarding the status of the child. This information is of the utmost importance to this Court. The guardian's response also fails to cite to the record on appeal or any legal authority. We refer the guardian to Rules 10(c), 10(d), 10(e), and 11(j) of the Rules of Appellate Procedure, which require briefs in abuse and neglect appeals to contain a section on the status of the children and require all respondents' briefs and summary responses to clearly exhibit appropriate citations to the record on appeal and legal authority upon which they rely. We decline to employ its use in this matter, but we caution the guardian that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

adjudicatory improvement period and provided them with services to address the underlying issues which necessitated the filing of the previous petition. The parents complied with services and regained custody of T.H.

In January of 2015, the DHHR filed an abuse and neglect petition alleging that the parents emotionally and psychologically abused T.H., in that they exposed him to repeated episodes of domestic violence. The DHHR also alleged that the parents were addicted to illegal substances, that petitioner failed to protect T.H. from domestic violence, and that the parents exposed T.H. to other individuals who were addicted to illegal substances. In March of 2015, the circuit court held an adjudicatory hearing. Petitioner stipulated that he exposed T.H. to domestic violence and inappropriate individuals, that he failed to provide T.H. with a safe home, and that he abused illegal substances. The circuit court found that petitioner was an "abusive and neglectful parent."

In May of 2015, the circuit court held a dispositional hearing. Petitioner moved for an improvement period. The circuit court heard testimony that despite receiving services in the prior abuse and neglect proceedings, petitioner was arrested for domestic violence after this abuse and neglect petition was filed. Further, petitioner testified that he was willing to participate in any services that the DHHR required him to complete as part of his improvement period. DHHR worker Loretta Smith testified that petitioner and T.H.'s mother briefly reconciled after their divorce, but that petitioner became violent and "kicked in the front door, cut the cord to her refrigerator, and busted up [her] trailer." Following the dispositional hearing, the circuit court determined that there was no likelihood that petitioner could substantially correct the conditions of neglect or abuse in the foreseeable future and the child's best interests required termination. By order entered on June 9, 2015, the circuit court terminated petitioner's parental rights to T.H. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

First, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period because he acknowledged the issues of abuse and neglect when he made several stipulations at adjudication, requested services, and successfully completed an improvement period in 2012. However, contrary to petitioner's argument, the record is clear that the circuit court did not err in denying petitioner's motion because he failed to satisfy the necessary burden of proof. Pursuant to West Virginia Code § 49-6-12(b)(2), circuit courts have discretion to grant an improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." In the case sub judice, it is clear that the circuit court did not abuse its discretion in denying petitioner's motion. As noted above, while petitioner successfully completed an improvement period in 2012, he failed to benefit from those services as evidenced by his conduct in the underlying abuse and neglect petition. Petitioner was arrested for committing domestic violence against T.H.'s mother. Furthermore, DHHR worker Loretta Smith testified that petitioner and T.H.'s mother briefly reconciled after their divorce, but that petitioner became violent and "kicked in the front door, cut the cord to her refrigerator, and busted up [her] trailer." Therefore, following our thorough review of the record on appeal, we find no error in the circuit court's order denying petitioner's motion for an improvement period.

Petitioner next argues that the circuit court erred in terminating his parental rights because the evidence fails to support a finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse or neglect. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights when they find that there is no reasonable likelihood that a parent could substantially correct the conditions of abuse or neglect in the near future and that termination was necessary for the children's welfare. West Virginia Code § 49-6-5(b)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"While petitioner maintains that he was likely to follow through with rehabilitative services, as evidenced by his prior successful improvement period and self-serving testimony that he was willing to participate in services, the circuit court properly considered petitioner's continued behavior. The evidence below showed that petitioner completed an improvement period in the 2012 proceedings; however, petitioner continued to commit acts of domestic violence. Specifically, Ms. Smith testified that during the current proceedings, petitioner "kicked in [his ex-wife's] front door, cut the cord to her refrigerator, and busted up [her] trailer." Based on the foregoing, we cannot find reversible error in the circuit court's conclusion that petitioner failed to follow through with services offered to him in the prior proceedings, and that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future.

Related to this assignment of error, petitioner argues that the circuit erred in terminating his parental rights based in part, upon an erroneous finding that "[T.H.] repeatedly bat[ting] his eyes was symptomatic of an emotional and psychological issue most likely caused by the abuse and neglect." The Court notes that it is unnecessary to analyze this assignment of error because, in addition to terminating petitioner's parental rights based upon this finding, the circuit court also terminated petitioner's rights based upon the clear and convincing evidence that petitioner

failed to correct the conditions of domestic violence. This finding alone is sufficient to support the circuit court's order terminating petitioner's parental rights. Therefore, we find no error.

Finally, petitioner argues that the circuit court erred in terminating his parental rights to T.H., without properly considering T.H.'s wishes. This Court finds no merit to petitioner's argument. West Virginia Code § 49-6-5(a)(6)(C) provides in relevant part that "the court shall give consideration to the wishes of a child fourteen years of age or older or otherwise of an age of discretion as determined by the court regarding the permanent termination of parental rights." Based upon our review of the record, we find no error in the circuit court's compliance with this provision. The circuit court was not required to consider T.H.'s wishes because he was only twelve years old at the time of the proceedings. Further, the record is devoid of any evidence to show that T.H. was of an appropriate age of discretion. Therefore, based on the circumstances of this case, we find no error to warrant reversal.

For the foregoing reasons, we find no error in the decision of the circuit court and its June 9, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II